IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned August 30, 2011

# IN RE MADISON K. P.

**Appeal from the Juvenile Court for Rutherford County**
**No. 36611J     Max Fagan, by Designation**

---

**No. M2011-01760-COA-R9-JV - Filed August 31, 2011**

---

**Tenn. R. App. P. 9 Interlocutory Appeal; Affirmed in Part, Reversed in Part**

FRANK G. CLEMENT, JR., J., ANDY D. BENNETT, J., and RICHARD H. DINKINS, J.

Gregory Dye Smith, Nashville, Tennessee, for the appellant, B. M. J.

W. Kennerly Burger, Murfreesboro, Tennessee, for the appellee, J. M. P.

## MEMORANDUM OPINION[1]

This application for an interlocutory appeal pursuant to Tenn. R. App. P. 9 arises from the trial court's decision to stay the implementation of the parenting plan that the trial court was directed to adopt pursuant to our decision in *In re Madison K.P.*, No. M2009-02331-COA-R3-JV, 2010 WL 4810665 (Tenn. Ct. App. Nov. 23, 2010). The Supreme Court denied the father's application for permission to appeal on April 14, 2011 and the mandate of this court was issued on April 27, 2011. Despite this, the ruling of this court has yet to be put into effect, because the parenting plan that was to be approved and entered by the trial court, and which was approved and entered, was immediately stayed by the trial court following its entry, rendering our decision and the parenting plan of no effect.

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This protracted custody battle, which involves the parents and their one child who has lived in at least four states, arises from Mother's notification to Father in February 2009 that she intended to bring their child, Madison, to live with her in New Jersey. *In re Madison K.P.*, 2010 WL 4810665, at * 3. At that time, Mother was designated the primary residential parent. *Id*. Father responded to Mother's notice that she intended to relocate to New Jersey by immediately filing a Petition to Modify Custody/Primary Residential Status in the Juvenile Court for Rutherford County, Tennessee. *Id*. At the time, the child resided in Georgia with the maternal grandparents. *Id*. In the petition, Father asserted that a material change of circumstances existed and that it was in the child's best interests for Father to be named the primary residential parent and for the child to reside with him in Murfreesboro, Tennessee. *Id*. Mother answered and after a lengthy trial, the trial court named Father as the primary residential parent. *Id*. Mother appealed and we reversed the trial court and named Mother as the primary residential parent with the implicit understanding that the child would reside with Mother in New Jersey. *Id*. at *4-14. Because the trial court had named Father as the primary residential parent, we vacated the 2010 parenting plan and remanded "for the trial court to adopt a parenting plan that is based on the fact that Mother is the primary residential parent and that Madison will reside with Mother." *Id*. at * 14.

When a parenting plan was not timely issued by the trial court, Mother filed a petition for writ of mandamus on June 29, 2011. We denied Mother's petition, however, in our order we expressly stated that we "presume the trial court will promptly enter a parenting plan consistent with this court's mandate." Since that time, the first trial judge recused herself and another trial judge was designated to preside over this matter. Following a new series of pleadings, motions, and hearing, the trial judge "approved" and "entered" a parenting plan consistent with our mandate by designating Mother as the primary residential parent and noting that she would reside in New Jersey with the child; however, the trial court immediately stayed the parenting plan, rendering the approval and entry of the parenting plan of no immediate effect. The trial court's grant of the stay was principally based on the belief that Mother is now required to comply with the Parental Relocation Statute, Tenn. Code Ann. § 36-6-108.

After careful consideration of the application and answer, which fully set forth the parties' positions, and upon review of our earlier opinion in this matter, we dispense with the filing of a record and with further briefing in order to save the parties additional time and expense. Pursuant to Tenn. R. App. P. 2, we suspend the application of Tenn. R. App. P. 24, 25, and 29, and find oral argument to be unnecessary pursuant to Tenn. R. App. P. 35(c). *See Hammock v. Sumner Co.*, No. 01A01-9710- CV-00600, 1997 WL 749461 (Tenn. Ct. App. Dec. 5, 1997).

We have determined that the Parental Relocation Statute is not applicable for many reasons, including the fact that the issue in this case has always been whether the child would reside with Mother in New Jersey, as she informed Father in February 2009, or whether the child would primarily reside with Father in Tennessee. That fact has never changed. In our first opinion, we ruled in favor of Mother and remanded the action with the implicit instructions that Mother be designated as the primary residential parent and that the child would principally reside with her in New Jersey, a ruling that is now the law of the case. Moreover, to the extent that Mother was required to give Father notice of her plan to relocate with the child to New Jersey, she did just that in February 2009. Furthermore, the fact that Mother resided in Tennessee during the pendency of the first appeal, and while awaiting what have become unjustified delays of this court's directive in our first opinion, Mother has consistently and persistently endeavored to reside with the child in New Jersey, an issue this court considered and ruled upon in 2010. It is now time, indeed it is well past the time, for the implementation of this court's directive, and without further interference or delay.

We, therefore, grant the application for a Rule 9 interlocutory appeal to consider the issue concerning the trial court's stay of the implementation of the parenting plan. In that regard, we affirm the trial court to the extent that the court approved and entered a parenting plan consistent with this court's previous mandate by designating Mother as the primary residential parent who would reside in New Jersey with the child for most of the year and with Father having appropriate parenting time. We, however, vacate the stay imposed on the implementation of the parenting plan and remand with unequivocal instructions that the parenting plan adopted and entered in this action is now in effect and shall be implemented and honored with no further delay.

We remand for further proceedings consistent with this opinion and costs incident to this appeal are assessed against Father.

PER CURIAM